**In re Mary Ann DARGIS, Debtor.**

**Bankruptcy No. 83–03627 T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 28, 1984.

Blair P. Warner, St. Clair, Pa., for debtor.

Leo Breznik, Shenandoah, Pa., for Beneficial Consumer Discount Co.

**MEMORANDUM OPINION**

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The Chapter 7 debtor has filed, pursuant to § 522(f)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 522(f)(2)(A), a motion to avoid the nonpossessory, nonpurchase-money security interest of Beneficial Consumer Discount Company ("Beneficial") in her house,

which is located on leased land. Beneficial opposes this motion. During the hearing of this matter, upon new information received, the debtor contended that Beneficial had never acquired a security interest in her house. The debtor then requested permission to orally amend her motion so as to seek a determination of the question of whether or not Beneficial has a security interest in her house. Beneficial consented to this request and we granted it. For the following reasons, we determine that Beneficial has no security interest in the debtor's house.

In connection with a loan made to the debtor by Beneficial on October 29, 1980, there are four documents in the record, which were prepared by Beneficial and signed by the debtor. The first is a Security Agreement. According to the Security Agreement, the security for the loan is comprised of the debtor's motor vehicle and household goods. There is no mention of the house. The second document is a Statement of Disclosure, which likewise lists the motor vehicle and household goods as security. According to the Statement of Disclosure, the loan is also secured by a real estate mortgage against the debtor's resident real property. Of course, Beneficial concedes that the debtor's house is not real property and that it does not and could not have a real estate mortgage against it. The third document is a Notice to Customer Required by Federal Law, which states in relevant part: "You have entered into a transaction on 10/29/80 which may result in a lien, mortgage, or other security interest on your home." The final document is a standard form Uniform Commercial Code Financing Statement, which states that the security for the loan is comprised of the debtor's household goods, motor vehicle, and house. This Financing Statement was duly filed in the prothonotary's office for the county in which the debtor resides.

Section 9203(a)(1) of the Pennsylvania version of the Uniform Commercial Code, 13 Pa.C.S.A. § 9203(a)(1), states in relevant part:

"... a security interest is not enforceable against the debtor ... and does not attach unless:

(1) ... the debtor has signed a security agreement which contains a description of the collateral...."

In order to create a security agreement, the minimum requirements are "(a) a writing; (b) the debtor's signature; and (c) a description of the collateral or kinds of collateral." Uniform Commercial Code Comment Number 1 to § 9203.

Beneficial concedes that the aforementioned Security Agreement does not state that Beneficial has a security interest in the debtor's house. However, Beneficial relies on *Matter of Bollinger Corp.*, 614 F.2d 924 (3d Cir.1980), to argue that it nevertheless has a security interest therein. In *Bollinger*, the Court held that, pursuant to the substantively identical forerunner of 13 Pa.C.S.A. § 9203(a)(1), a creditor can assert a secured claim against a debtor when no formal security agreement was ever signed, but where various documents executed in connection with a loan evince a mutual intent to create a security interest. In this regard, the *Bollinger* Court stated at 614 F.2d 928:

"When the parties have neglected to sign a separate security agreement, it would appear that the better and more practical view is to look at the transaction as a whole in order to determine if there is a writing, or writings, signed by the debtor describing the collateral which demonstrates an intent to create a security interest in the collateral."

According to *Bollinger*, however, a financing statement which describes the collateral and is signed by the debtor is not, in itself, sufficient to create a security interest in the alleged collateral.

Beneficial argues, without explanation, that all of the aforementioned documents, taken as a whole, evince a mutual intent to create a security interest in favor of Beneficial in the debtor's house.

Even assuming *arguendo* that the *Bollinger* rationale applies in a case such as

the present case where there is a security agreement which omits mention of the alleged collateral, we still cannot accept Beneficial's argument. Apart from the Financing Statement which, as stated *supra*, cannot, in itself, create a security interest, none of the documents of record contain more than an ambiguous and rather tenuous implication that the debtor might possibly have intended to grant to Beneficial a security interest in her house. The Statement of Disclosure is confusing at best and does not even purport, by its own terms, to grant to Beneficial the type of security interest which it now claims. The Notice to Customer Required by Federal Law is a printed form which states only that the transaction *may* result in some type of lien against the debtor's home. And, of course, the Security Agreement itself conspicuously omits any reference whatsoever to the debtor's house. We find that these, four documents, considered as a whole, do not evince a mutual intent to create a security interest in favor of Beneficial in the debtor's house.[1] *See In re W.J. Clark Co., Ltd.*, 30 B.R. 675 (Bankr.E.D.Pa.1983); *In re Sandler*, 20 B.R. 540 (Bankr.W.D.Pa. 1982); *Matter of H.L. Clement Co.*, 12 B.R. 165 (Bankr.W.D.Pa.1981).

Therefore, we conclude that Beneficial has no security interest in the debtor's house and that, on this basis, the debtor's § 522(f)(2)(A) motion shall be denied as moot.

---

1. We also note that this was a consumer transaction involving a non-business debtor and that all of the documents were prepared by Beneficial.